UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21687-MOORE/Elfenbein

**DANIEL ALEJANDRO
SANTOS PERDOMO**,

    Plaintiff,

v.

**U.S. CITIZENSHIP AND
IMMIGRATION SERVICES
(USCIS)**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.[1] Plaintiff Daniel Alejandro Santos Perdomo filed a Complaint for Mandamus, APA Judicial Review, and Declaratory Relief (the "Complaint") against Defendants U.S. Citizenship and Immigration Services ("USCIS"), Director of USCIS Ur Mendoza Jaddou, Director of USCIS Miami Field Office Linda Swacina, U.S. Department of Homeland Security (the "Department"), and Secretary of the Department Alejandro Mayorkas (the "Secretary"). *See* ECF No. [1]. Plaintiff filed the Complaint on May 1, 2024, *see* ECF No. [1], and the Clerk of Court issued a summons as to Director of USCIS Miami Field Office Linda Swacina on May 2, 2024,[2] *see* ECF No. [6].

---

[1] The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [5].

[2] The Clerk did not issue summonses as to the other defendants because, as it noted on the docket, the "Attorney or Pro Se party's return address" was "not listed." *See* ECF No. [3]. The Clerk explained that the "[f]iler may file a Notice of Filing Proposed Summonses with the corrected summons attached," *see* ECF No. [3], but, to date, Plaintiff has not filed any Notices of Filing Proposed Summonses.

CASE NO. 24-CV-21687-MOORE/Elfenbein

Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants within 90 days after filing the Complaint.  *See* Fed. R. Civ. P. 4(m).  Plaintiff filed the Complaint on May 1, 2024, *see* ECF No. [1], so he was required to serve Defendants by July 30, 2024, *see* Fed. R. Civ. P. 4(m).  As of August 8, 2024, there was no indication in the court file that Plaintiff had served Defendants as required by Rule 4(m), so the undersigned ordered him to "either properly serve Defendants or show good cause as to why he has not."  *See* ECF No. [8] at 2.  The undersigned also warned Plaintiff that "[f]ailure to file proof of service or to show good cause by August 23, 2024 may result in the undersigned issuing a Report and Recommendation recommending the dismissal without prejudice of Plaintiff's action against Defendants."  *See* ECF No. [8] at 2.

On August 19, 2024, Plaintiff filed his "Proof of Service pursuant to Fed. R. Civ. P. 4(l)."  *See* ECF No. [9] at 1.  In his Proof of Service, Plaintiff explained that he served a copy of the "summons regarding Complaint for APA Judicial Review and Declaratory Relief, D.E. 1" by "USPS Certified Mail" on Defendant Linda Swacina and that the service was "perfected on June 10, 2024."  *See* ECF No. [9] at 1.  But his Proof of Service did not indicate that he served Defendant Swacina with a copy of the Complaint itself or that he served both documents on the United States, as the Federal Rules of Civil Procedure require.  *See generally* ECF No. [9]; Fed. R. Civ. P. 4(i)(2) ("To serve a United States . . . employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . employee.").  For that reason, Plaintiff's service on Defendant Swacina was only partial.

To allow Plaintiff one final opportunity to correct the service deficiencies as to Defendant Swacina, the undersigned issued an Order directing Plaintiff "to cure the deficiencies in service

2

identified above" on or before September 9, 2024. *See* ECF No. [11] at 2. The undersigned once again warned Plaintiff that "[f]ailure to file proof of service showing that Plaintiff has properly served Defendant Swacina and the United States by September 9, 2024 will result in the undersigned issuing a Report and Recommendation recommending the dismissal without prejudice of Plaintiff's action against Defendant Swacina." *See* ECF No. [11] at 2 (citations and footnote omitted).[3] Despite that notice and warning, Plaintiff has not filed the required proof of service indicating that he has cured the service deficiencies as to Defendant Swacina.

As Rule 4(m) explains, "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m). The undersigned ordered that service be made within a specified time, *see* ECF No. [11], but Plaintiff did not provide proof of service as to Defendant Swacina or "show[] good cause for the failure" such that "the court must extend the time for service for an appropriate period," *see* Fed. R. Civ. P. 4(m). As a result, there is only one option left under Rule 4(m) now that Plaintiff has been given the required notice: to "dismiss the action without prejudice against" Defendant Swacina. *See* Fed. R. Civ. P. 4(m). Accordingly, I respectfully **RECOMMEND** that:

1. The Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** as to Defendant Swacina; and

2. If the Court adopts this Report and Recommendation and the August 29, 2024 Report and Recommendation, *see* ECF No. [10], I further recommend that the Clerk of Court **CLOSE** the case and terminate all deadlines.

---

[3] Because Plaintiff failed to serve the other Defendants despite being ordered to do so and warned about the repercussions if he did not, on August 29, 2024, I recommended that the Complaint be dismissed without prejudice as to Defendants USCIS, USCIS Director Jaddou, the Department, and the Secretary. *See* ECF No. [10].

CASE NO. 24-CV-21687-MOORE/Elfenbein

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 23, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record